THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR24-052-KKE |
| Plaintiff, | |
| vs. | MOHAMED SOUMAH'S SENTENCING MEMORANDUM |
| MOHAMED SOUMAH, | |
| Defendant. | |

Mohamed Soumah, through counsel, joins both the government and probation in asking this Court to impose a time-served sentence with no supervision to follow. This request is made at the end of a long and collaborative effort at finding a resolution of this case that would most benefit Mr. Soumah. It is also made with the recognition that despite undertaking multiple creative and flexible strategies tailored to provide sustained stability and support for Mr. Soumah while he remains involved in the criminal system, these strategies have been unsuccessful.

Mr. Soumah's conduct in this case, and in his prior cases reflecting the same pattern of behavior, can be traced directly to the impact of his mental health challenges and substance use disorder in conjunction with his housing instability and poverty. When he hits rock bottom, he acts out in a way that will result in his incarceration. And he immediately explains both the purpose and the cause of his behavior.

When Mr. Soumah is properly medicated, housed, and safe, he is charismatic, kind, funny, and thoughtful. He sets realistic goals, makes logical and considered

SOUMAH SENTENCING MEMORANDUM - 1
(*United States v. Soumah*, CR24-052-KKE)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

decisions, and has a strong desire to contribute to his own well-being and society. Unfortunately, after more than a decade of focusing primarily on his own survival, this is his default. Rules that are intended to help reinforce structure, routine, and community safety do not make sense in the context of his life. For example, in July, Mr. Soumah left the halfway house to retrieve his belongings and was terminated after not returning until the following day. Mr. Soumah had every intention of returning to the halfway house and eventually did. He did not return within the time he was given on his approved pass but believed that this deviation was necessary to ensure that his belongings were not stolen—they are all he has in the world.

Mr. Soumah does not belong in custody. Unfortunately, the best option for Mr. Soumah simply does not exist. There is nothing that probation, the government, defense counsel, or this Court can do to create or cobble together such a solution—one that would likely involve a long-term inpatient treatment program capable of simultaneously treating substance use disorder, mental illness, and supportive care for a brain injury with a step-down program and transitional services providing continued local care, housing, and social service resources and support. When Mr. Soumah has been connected to services that provide at least a portion of the support he needs (*e.g.*, inpatient drug treatment in New York), he has successfully completed the programs. However, because the focus was on only one of his co-occurring challenges, he relapses, loses his housing, or begins deteriorating mentally. Even where pieces of a solution can be identified, the current barriers to Mr. Soumah benefitting from them are insurmountable. His lack of economic resources, the wait lists and requirements for admission in comprehensive treatment programs, and the type of insurance available to him make access virtually impossible.

Mr. Soumah has a number of identified mental health diagnoses and suffered a brain injury in 2012, which complicates any treatment plan. When unmedicated, he

SOUMAH SENTENCING MEMORANDUM - 2
(*United States v. Soumah*, CR24-052-KKE)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

suffers from severe depression and paranoia. He has also been diagnosed with a substance use disorder, which he readily admits makes the symptoms of his mental illness far worse. We have no magic wand or even a viable plan to support Mr. Soumah or individuals like him. Instead, hospitals, probation officers, social workers, non-profits, lawyers, law enforcement, and courts try to string together enough band-aids to get someone back on their feet, at least for a few weeks or months.

Mr. Soumah accepts full responsibility for his actions in this case. He feels terrible for the damage he has caused and is incredibly appreciative of all the effort and time that was put into trying to help him access housing, legal assistance, medication, and care each time he was released from custody. He is able to identify his legal team, his sister in New York, and the shelter as important contacts for sustained support. He is also able to identify his most difficult triggers—his wife, alcohol, and homelessness.

The defense team has assisted Mr. Soumah in communicating with counsel in his social security case, which is based out of New York. Mr. Soumah will continue pursuing his appeal in that case, and the Federal Defender's Office will facilitate that process as much as it can. Upon release, his plan is to return to a shelter in downtown Seattle where he can get a bed and meals for approximately $5.00 a day. This particular shelter has a connection to Sound Mental Health, and Mr. Soumah has previously used their resources to connect with mental health services. There are also individuals who will help him get access to a new phone and other necessities. The Bureau of Prisons will release Mr. Soumah with a 30-day supply of his medication, and he will be able to keep it with him in this facility—meaning that even if Mr. Soumah is unable to return for a night, he will still have access to his medication.

Mr. Soumah has spent at least two months in custody while the parties tried to refashion and restructure release plans for him under the deferred prosecution agreement. Although none of these plans were successful in establishing stability for

SOUMAH SENTENCING MEMORANDUM - 3
(*United States v. Soumah*, CR24-052-KKE)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  Mr. Soumah, he has been impacted and motivated by the efforts that were taken on his
2  behalf.
3      Mr. Soumah asks this Court to follow the joint recommendation of the parties
4  and probation and sentence him to a period of time-served with no supervised release to
5  follow.
6      DATED this 21st day of November 2024.

        Respectfully submitted,

        s/ *Sara D. Brin*
        Assistant Federal Defender
        Attorney for Mohamed Soumah

SOUMAH SENTENCING MEMORANDUM - 4
(*United States v. Soumah*, CR24-052-KKE)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**