The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MOHAMED SOUMAH<br><br>Defendant. | NO. CR24-052 KKE<br><br>UNITED STATES' SENTENCING MEMORANDUM |

Mohamed Soumah shattered the glass panel of a revolving door at the United States District Courthouse for the Western District of Washington in March 2024. On November 25, 2024, this Court found Mr. Soumah guilty of one count of Depredation of Government Property following a stipulated facts trial. Dkt. 73. The United States respectfully joins United States Probation and recommends the Court impose a custodial sentence of time served to be followed by no supervision. *See* PSR at 3.

## I.     BACKGROUND

**A.     Offense Conduct**

On March 2, 2024, Mr. Soumah shattered a glass panel of a revolving door at the main entrance of the U.S. District Courthouse in Seattle, Washington. Dkts. 1, 70-1. Four days later, on March 6, 2024, Mr. Soumah returned to, and entered, the Courthouse. *Id.*

United States' Sentencing Memorandum - 1
*United States v. Soumah*, CR24-052 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Upon entering the Courthouse, Mr. Soumah began yelling that he hated being in the United States and wanted to be deported. *Id.* Court Security Officers ("CSOs") asked Mr. Soumah to move to the side so that other visitors entering the Courthouse could move past him. *Id.* Mr. Soumah obliged. The CSOs asked Mr. Soumah general questions, including where he was from. During this interaction with CSOs, Mr. Soumah pointed to the revolving door—which had been partially boarded up due to the shattered glass—and stated that he did that. *Id.* Mr. Soumah also told the CSOs that he had previously shattered glass at the Courthouse years prior. *Id.* Federal Protective Service Officers then arrived on the scene and detained Mr. Soumah. After Mr. Soumah waived his *Miranda* rights, he told Federal Protective Service Officers that he was the individual who had broken the glass panel of the revolving door at the Courthouse days earlier and that he had done so because he wanted to go back to his home country. *See* Dkt. 2, Dkt. 70-1.

**B.     Procedural History**

Mr. Soumah was charged by complaint on March 7, 2024. Dkt. 1. On May 10, 2024, the Parties entered into a Deferred Prosecution Agreement (the "DPA"), in which Mr. Soumah agreed to adhere to certain conditions for a period of eighteen months. Dkt. 29. If Mr. Soumah adhered to the conditions for the full period of time, the government agreed to dismiss the indictment with prejudice. *Id.* However, if Mr. Soumah violated the conditions, the government could reinitiate prosecution of the indictment and proceed to a stipulated facts trial. *Id.*

Mr. Soumah violated the terms of his supervision, and therefore the terms of his DPA, on multiple occasions over the past six months. *See* Dkts. 32, 47, 59. The government exercised its right to revoke the DPA in light of these numerous violations. Dkt. 66. The Court then held a stipulated facts trial on November 18, 2024 and found Mr. Soumah guilty of Count 1 of the indictment. Dkts. 71, 73.

United States' Sentencing Memorandum - 2
*United States v. Soumah*, CR24-052 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### C. Defendant's History

Mr. Soumah has a long history of mental health struggles, poverty, and housing instability. These realities have shaped the government's handling of this case from the outset, leading to the unique procedural postures described above. These same realities should be weighed by the Court in fashioning its sentence of Mr. Soumah.

Mr. Soumah has been diagnosed with psychosis, likely the result of a brain injury, Post Traumatic Stress Disorder, major depressive disorder, and alcohol use disorder. Mr. Soumah has been homeless in Seattle beginning in 2015. Much of his recent criminal history appears related to this homelessness. It does not appear that Mr. Soumah has the support of any stable friends or family members to provide Mr. Soumah with housing or otherwise meaningfully assist in his sobriety or re-stabilization.

Mr. Soumah has a history of breaking windows at federal courthouses and government buildings, including at least four prior instances at the U.S. District Courthouse in Seattle and two prior instances at the U.S. District Courthouse in the Eastern District of New York. These instances are clearly motivated by Mr. Soumah's instability when unmedicated and intoxicated—situations Mr. Soumah finds himself in, at least in part, due to his homelessness and inability to access consistent health care.

## II.    STATUTORY PENALITES

The offense of Depredation of United States Property, in violation of 18 U.S.C. § 1361, with a loss amount in excess of $1,000, is punishable by a maximum term of imprisonment of ten years, a $250,000 fine, 3 years of supervised release, and a $100 special assessment.

## III.    SENTENCING GUIDELINES CALCULATIONS

Mr. Soumah's base offense level is six, pursuant to USSG § 2B1.1(a)(2). Given Mr. Soumah's stipulation to the facts in this case, the government would submit that Mr. Soumah ought to receive a two-level reduction for acceptance of responsibility, making his total offense level four. *See* USSG §3E1.1(a).

United States' Sentencing Memorandum - 3
*United States v. Soumah*, CR24-052 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Mr. Soumah's calculable offenses result in a subtotal criminal history score of 15—11 of which are the result of offenses receiving a single criminal history point. According to USSG §4A1.1(c), only a maximum of four single point offenses can be counted. The resulting total criminal score is therefore eight**.** According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of eight establishes a criminal history category of IV. *See* PSR at 2. With a total offense level of four and a criminal history of IV, Mr. Soumah's sentencing guideline range is two to eight months of imprisonment. *Id.*

### IV.    FACTORS RELATED TO SENTENCING RECOMMENDATION

When sentencing a defendant, the Court must apply the factors set forth in Title 18, United States Code, Section 3553(a) to the specific facts of the individual and the crime committed. Section 3553(a) instructs the Court to impose a sentence that is "sufficient, but not greater than necessary" when taking into consideration the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) the need for the sentence to "afford adequate deterrence to criminal conduct"; (4) the need for the sentence "to protect the public from further crimes of the defendant"; (5) the need "to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner"; (6) the kinds of sentences available; (7) the applicable sentencing guideline range; (8) "any pertinent policy statement"; (9) the need to avoid "unwarranted sentence disparities" among similarly situated defendants; and (10) the need to provide restitution to victims.

### V.    GOVERNMENT'S RECOMMENDATION

The government agrees with United States Probation's recommendation and respectfully submits that a sentence of time served with no supervision to follow strikes the appropriate balance after considering the § 3553(a) factors. *See* PSR at 3. The

United States' Sentencing Memorandum - 4
*United States v. Soumah*, CR24-052 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government's recommended sentence is sufficient, but not greater than necessary to address the goals of sentencing.

Mr. Soumah has already spent a considerable amount of time in custody for his offense. Mr. Soumah was detained at his initial appearance on March 7, 2024 and remained in custody until the execution of the DPA on May 10, 2024. *See* Dkts. 3, 28–30. Over the last six months, Mr. Soumah committed a number of supervised release violations, which resulted in further detention. Most recently, Mr. Soumah was arrested on September 25, 2024 following a supervised release violation, ordered detained at his initial bond revocation hearing, and remains in custody while he awaits sentencing. *See* Dkt. 62. Mr. Soumah has therefore already served well over four months in custody, the equivalent to a guidelines range sentence.

The government agrees with probation that a term of supervised release would be futile in this case given Mr. Soumah's mental health limitations, housing insecurity, and inability to meaningfully engage in prior attempts at supervision. Mr. Soumah has served a custodial sentence that reflects the seriousness of his offense, a property offense, which adequately deters others from committing similar offenses, while appropriately weighing the unavoidable complications that face Mr. Soumah.

## VI.    CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to sentence Mr. Soumah to a term of imprisonment of time served. Further, the government asks that this Court not impose a term of supervised release on Mr. Soumah in light of his personal characteristics, performance under supervision during the deferred prosecution agreement period, and United States Probation's position on Mr. Soumah's ability to be meaningfully supervised. This sentence is sufficient, but not greater than necessary to comply with the purposes of sentencing.

//

//

United States' Sentencing Memorandum - 5
*United States v. Soumah*, CR24-052 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 21st day of November, 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

 *s/ Grace W. Zoller*
GRACE W. ZOLLER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0882
Email: grace.zoller@usdoj.gov

United States' Sentencing Memorandum - 6
*United States v. Soumah*, CR24-052 KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970